# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| J.E. BINION, JR., *by his next friend*, PATRICIA PENA,<br><br>                      Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>                      Defendant. | Case No. 17-CV-193-JPS<br><br><br><br>**ORDER** |

      Patricia Peña, on behalf of her minor son, J.E. Binion, Jr., filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). The Court may grant Plaintiff's motion to proceed *in forma pauperis* if it determines that: (1) Plaintiff is truly indigent and unable to pay the costs of commencing this action; and (2) Plaintiff's action is neither frivolous nor malicious. 28 U.S.C. §§ 1915(a), (e)(2).

      As to the first requirement, the privilege to proceed without payment of costs and fees "is reserved to the many truly impoverished litigants who. . .would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Plaintiff has filed an affidavit accompanying the motion to proceed *in forma pauperis*. (Docket #2). Unfortunately, based on how this document has been completed, the Court is largely unable to conclude that Plaintiff is truly indigent. More precisely, Plaintiff simply wrote an "x" for each and every line item. (Docket #2). In other words, according to Plaintiff, she (and her son) have neither any income, nor any expenditures.

When plaintiffs file affidavits like these, the Court normally cannot conclude whether the plaintiff is able to afford the filing fee and must deny the motion for leave to proceed *in forma pauperis*. However, Plaintiff also wrote in the motion that she is unable to keep a job due to her son's alleged disabilities and that she is her son's constant caretaker. *Id.* at 4. This representation satisfies the Court that Plaintiff's expenses would meet or exceed her income. Thus, the Court finds that Plaintiff is indigent and cannot afford the filing fee.

Plaintiff's action also is not frivolous or malicious. Plaintiff submitted a complaint, which includes an allegation that the Administrative Law Judge ("ALJ") erred in reaching a decision. (Docket #1 at 3). If that contention is true, then the Court will be obliged to vacate the ALJ's decision. Thus, Plaintiff's action is neither frivolous nor malicious.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to *proceed in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 16th day of February, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge